474 P.2d 1014

William E. FALSHAW, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

The Mountain States Telephone & Telegraph
Company, Respondent Employer,

The Mountain States Telephone & Telegraph
Company, Respondent Carrier.

No. I CA–IC 407.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 6, 1970.

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, The Industrial Commission of Arizona, for respondent.

Fennemore, Craig, von Ammon & Udall, by C. Webb Crockett, and Michael Preston Green, Phoenix, for respondent Employer and respondent Carrier.

STEVENS, Judge.

William E. Falshaw, the petitioner herein, was injured on 21 June 1967 while within the course of his employment by The Mountain States Telephone & Telegraph Company, sometimes referred to in this opinion as Mountain States. The sole issue before this Court is whether the award of The Industrial Commission that the petitioner sustained no loss of earning capacity related to the industrial injury is reasonably supported by the evidence.*

 The petitioner spent his earlier years in Tucson, Arizona. After his military service he moved to Nogales, Arizona, and was employed in Nogales by Mountain States. Nogales is approximately 65 miles from Tucson. At the time of his injury his hourly wage was $2.485. His average wage was $430 which resolved itself to an average weekly wage of $99. While living in Nogales, in addition to his employment with Mountain States, the petitioner

* This matter was decided under the law as it existed prior to 1 January 1969.

worked several nights a week at a Nogales service station earning $1.25 an hour plus commissions. All parties agree that this non-related additional employment was properly excluded in the calculation of the average monthly wage which the petitioner received from Mountain States. Mickelson v. Industrial Commission of Arizona, 7 Ariz.App. 182, 437 P.2d 666 (1968). Regular overtime in connection with employment is to be considered in calculating the average monthly wage. Carr v. Industrial Commission of Arizona, 2 Ariz.App. 307, 408 P.2d 411 (1965).

On 4 March 1968 the petitioner had sufficiently recovered to return to full-time employment. His attending physician released him without restrictions as to his physical activities during his employment. The medical advisor of Mountain States, without conducting a physical examination of the petitioner, placed a restriction upon the petitioner's physical activities during employment which excluded him from climbing telephone poles, the type of activity in which he was engaged at the time of his injury. There is evidence that Mountain States had no job opportunities for the petitioner in Nogales. He was offered employment by Mountain States in Tucson which he accepted. His family remained in Nogales. He was unable to return to his service station job because of time limitations and distance.

There is evidence in the record indicating that the petitioner was not pleased with his working conditions in Tucson. A strike was called and the petitioner, then receiving a wage of $108 a week, resigned from his employment on 6 May 1968 stating that he could not afford to be without employment. He secured different jobs. He testified that some industrial employment opportunities were not opened to him because of the surgery to his back.

On 22 October 1969 there was a hearing on the subject of loss of earning capacity.

By that time he had become employed as a tour guide at $2.075 per hour but with considerable foreseeable overtime for which he was paid time and a half. His gross earnings from the one job, including the overtime as an incident of that job, exceeded his preinjury earnings from Mountain States combined with his earnings at the gas station. The Commission entered an award containing the following finding:

"8. That the applicant has sustained no loss of earning capacity as the result of the industrial injury of June 21, 1967."

It is this award which is before us for review.

It is strenuously urged that while it was proper to exclude the petitioner's service station earnings in calculating his preinjury average monthly wage, it is now not proper to consider his overtime in relation to his loss of earning capacity. It is urged that his preinjury hourly wage of $2.485 and his present [October 1969] earnings of $2.075 per hour establish a loss of earning capacity.

We are of the opinion that his termination of his employment with Mountain States does not meet the tests set forth in Meadows v. Industrial Commission of Arizona, 12 Ariz.App. 114, 467 P.2d 954 (1970). We decline to pass upon this interesting question which is strenuously urged upon us by the petitioner.

In our opinion the record supports the conclusion of The Industrial Commission that while there were some restrictions placed upon the petitioner's physical activity in his post-injury employment by Mountain States, the petitioner retained an earning capacity in his Mountain States employment equal to that of his preinjury earning capacity even discounting wage increases.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.